UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Jimmy Ollie, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 16 C 01643 |
| | ) | |
| v. | ) | |
| | ) | Judge Edmond E. Chang |
| Chicago Police Dept., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

ORDER

Plaintiff Jimmy Ollie, who currently is on parole from Vienna Correctional Center, brings this civil-rights action under 42 U.S.C. § 1983. Ollie alleges that on October 25, 2012, he was shot in the back during an encounter with Chicago Police Officers Burge and Jentile. Pending are Ollie's application to proceed *in forma pauperis*, R. 4, complaint for initial review under 28 U.S.C. § 1915(e), and motion for attorney representation, R. 5.

Ollie's financial affidavit, R. 4, does establish that he is financially unable to pay the filing fee. But because Ollie is asking to proceed *in forma pauperis*, the complaint is governed by 28 U.S.C. § 1915(e)(2)(B), which requires the dismissal of (1) "frivolous" claims, § 1915(e)(2)(B)(i), *see Vey v. Clinton*, 520 U.S. 937, 937 (1997); (2) complaints that fail to state a claim, § 1915(e)(2)(B)(ii), *Jaros v. IDOC*, 684 F.3d 667, 669 n.1 (7th Cir. 2012); *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999); and (3) complaints that seek monetary damages against a defendant who is immune from such damages, § 1915(e)(2)(B)(iii). Section 1915(e)(2) applies to all litigants who seek to proceed *in forma pauperis*, not just prisoners. *See Vey*, 520 U.S. at 937 (denying *in forma pauperis* status to file certiorari petition from appeal and applying § 1915(e)(2)(B)(i) to non-inmate); *Jaros*, 684 F.3d at 669 n.1 (explaining that § 1915(e)(2) screening applies to non-prisoner suits); *Rowe*, 196 F.3d at 783. In addressing any *pro se* litigant's complaint, the Court must construe the complaint liberally. *Haines v. Kerner*, 404 U.S. 519, 521 (1972). If there is an arguable basis for a claim in fact or law, then leave to proceed will be granted. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). But dismissal of the complaint is the proper course where it is clearly baseless or fanciful, *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992), or fails to state a claim, § 1915(e)(2)(B)(ii), or seeks monetary damages against a defendant who is immune from such damages, § 1915(e)(2)(B)(iii).

The first problem with Ollie's complaint is that it is barred by claim preclusion. This is not the first lawsuit filed by Ollie about the October 25, 2012 encounter with Officers Burge and Jentile. *See Ollie v. Chicago Police Dept.*, No. 14 C 8528 (N.D. Ill.) (Chang, J.). The doctrine of res judicata (more aptly described as "claim preclusion") bars a plaintiff from re-litigating claims he previously brought or claims he could have brought in a prior action. *Allen v. McCurry*, 449 U.S. 90, 94 (1980). Claim preclusion applies if there is "(1) an identity of the parties or their privies; (2) an identity of the causes of actions; and (3) a final judgment on the merits." *Highway J Citizens Group v. United States Dep't of Transp.*, 456 F.3d 734, 741 (7th Cir. 2006). Here, all three elements are met. The allegations of the current complaint are nearly identical in language and scope to the complaint filed by Ollie in Case No. 14 C 8528, and the parties and causes of action are identical. The Court dismissed Case No. 14 C 8528 for lack of prosecution on February 24, 2015, and entered judgment that same day. That dismissal constitutes a judgment on the merits. *See Tartt v. Northwest Community Hosp.*, 453 F.3d 817, 821, 822 (7th Cir. 2006) (holding an a dismissal for failure to prosecute operates as a final judgment on the merits for claim-preclusion purposes). So Ollie cannot pursue claims arising from the October 25, 2012 encounter with Officers Burge and Jentile in a newly filed action. *See id.*

Even aside from the claim-preclusion problem, the complaint almost surely would have been dismissed on statute of limitations grounds. In Illinois, the statute of limitations for a claim like this under 42 U.S.C. § 1983 is two years. *Johnson v. Rivera*, 272 F.3d 519, 521 (7th Cir. 2001). A claim for excessive force accrues at the time of the alleged act. *Evans v. Poskon*, 603 F.3d 362, 363 (7th Cir. 2010). The conduct alleged by Ollie occurred on October 25, 2012. Ollie had two years from that date to file the lawsuit, but this case was not filed until more than three years later. All this is clear from the face of the complaint. *See Cancer Found., Inc. v. Cerberus Capital Mgmt., LP*, 559 F.3d 671, 675 (7th Cir. 2009) (dismissal for failure to state a claim appropriate if "it is clear from the face of the [ ] complaint that it is hopelessly time-barred").

For these reasons, Ollie's application to proceed *in forma pauperis* is denied, and this case is dismissed with prejudice as barred by claim preclusion (there is no reason to give Ollie a chance to amend the complaint, because the claim-preclusion bar is clear). Final judgment will be entered. If Ollie wishes to appeal, then he must file a notice of appeal with this Court within thirty days of the entry of judgment. *See* Fed. R. App. P. 4(a)(1). If Ollie appeals, then he will be liable for the $505.00

appellate filing fee regardless of the appeal's outcome. *See Evans v. Ill. Dep't of Corr.*, 150 F.3d 810, 812 (7th Cir. 1998).

                 ENTERED:

                   s/Edmond E. Chang
                Honorable Edmond E. Chang
                United States District Judge

DATE: May 19, 2016